# Heidelberg School District *versus* Horst.

1. School directors, under a law authorizing them, resolved to raise money for the township to pay bounties, borrowed money for that purpose of H., gave a bond in their individual names as school directors, and all of them executed it with their seals. *Held*, that the township was liable, although the bond was not executed by the president and secretary as such. Per Pearson, P. J.

2. The signers of the bond were not individually liable. *Id*.

3. Where an obligation on its face appears to have been executed for a municipality by its officers, although by them individually, they act as representatives, and are not individually liable. *Id*.

4. In this case the directors were authorized to act for the township, and it is liable. *Id*.

[Heidelberg School District *v.* Horst.]

5. The money loaned, being for a lawful purpose, could have been recovered independently of the bond.

6. The suit was against the *school district. Held,* that the record might be amended by substituting the *township. Id.*

May 19th 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lebanon county :* No. 85, to May Term 1869.

This was an action of debt brought, August 7th 1867, by John Horst against the School District of Heidelberg Township.   The declaration was that " The School District of Heidelberg Township was summoned to answer John Horst, that it render unto him $1600, which to him it owes and unjustly detains, &c."

The first count alleged that " the defendant the 21st of March 1865, by its certain writing obligatory, had granted itself to be held, &c., unto the plaintiff in the aforesaid $800."   The second count alleged that the defendant was indebted to the plaintiff in " the sum of $800, which the plaintiff at the special instance and request of the defendant lent to the defendant, and which the defendant borrowed from the plaintiff, to be paid by the defendant to the plaintiff when the defendant should be requested," &c.

It was alleged that the loan was made and the bond given under the Act of August 24th 1864, Pamph. L. 1001 : Sec. 1, which enacted that " all bonds, warrants or certificates of indebtedness, issued by the corporate authorities of any borough or by the school directors, supervisors or board of election of any township in the county of Lebanon for the payment of bounties," &c., are made binding on the *boroughs* or *townships,* &c.   Section 2. Authorizing the same " authorities to borrow money, issue bonds, warrants or certificates of indebtedness in the name of said *borough* or *township.*"

The bond on which the suit was brought is as follows :—

"Know all men by these presents, That we, Jeremiah Steinmetz, John Greybill, Martin Riehm, Jonathan Snavely, John K. Lutz and Henry B. Iba, School Directors of Heidelberg township, Lebanon county and state of Pennsylvania, are held and firmly bound unto John Horst, of South Lebanon township, Lebanon county and state of Pennsylvania, in the sum of One Thousand Six Hundred Dollars, good and lawful money of the United States, to be paid to the said John Horst, or to his certain attorney, executors, administrators or assigns : To which payment, well and truly to be made and done, we bind ourselves and our successors in office, and every of them, firmly by these presents.   Sealed with our seals, dated the thirty-first day of March, in the year of our Lord 1865.

*The condition of this obligation is such,* That if the above bounden Jeremiah Steinmetz, John Greybill, Martin Riehm,

[Heidelberg School District *v.* Horst.]

Jonathan Snavely, John K. Lutz and Henry B. Iba, School Directors of Heidelberg township, county and state aforesaid, and their successors in office, or any of them, shall and do well and truly pay, or cause to be paid, unto the above-named John Horst, or to his certain attorney, executors, administrators or assigns, the just and full sum of Eight Hundred Dollars, together with interest thereon at the rate of five per cent. per annum, in like money as aforesaid, at or upon the first day of April, in the year of our Lord 1866, without fraud or further delay—then the above obligation to be void and of no effect, otherwise to be and remain in full force and virtue.

| *Sealed and Delivered* in the presence of CHARLES M. ZERBE. | JEREMIAH STEINMETZ, [SEAL.] JOHN GRAYBILL, [SEAL.] MARTIN RIEHM, [SEAL.] JONATHAN SNAVELY, [SEAL.] JOHN K. LUTZ, [SEAL.] HENRY B. IBA, [SEAL.]" |

On the trial before Pearson, P. J., the plaintiff proved the execution of the bond. He called J. S. Louser, who testified " I saw this bond when delivered; was done by Mr. Riehm in my office. The money was paid in my office; $800. Paid after board adjourned; asked if was too late; said could not get his money. I advised him to go to a director. Went to Riehm then. Said to me to take the money and hold it in my safe. It was given to Riehm. I counted it; left with me as other was. I would not have taken it but for Riehm. The one of the board directed me. Left for school board. They afterwards got it. The bond handed to Horst when he paid the money over." The plaintiff then offered the bond in evidence. It was objected to as not the bond of the school district,—not signed by the president and attested by the secretary. The money was not borrowed for school purposes, or business connected with the school laws. It was admitted, and a bill of exceptions sealed. The defendants then moved to strike out Louser's evidence, on the ground that no other evidence of indebtedness except the bond was admissible. The court refused the motion, and sealed a bill of exceptions.

Plaintiff gave in evidence the minutes of the school directors of June 6th 1864, containing this entry, "Received of John Horst, $800." There was an entry on the minutes of March 18th 1865, appropriating $13,500 to fill the quota. Endorsed on the bond was " $40 interest paid on 6th April 1866," also an entry in the book of the board, " Paid by treasurer to Horst, $40."

The defendant submitted these points :—

" 1. The bond is not executed in accordance with the Act of May 8th 1854.

" 2. All deeds and contracts of the school directors must be

in writing, signed by the president and countersigned by the secretary.

" 3. They have, as a school district, no power to contract debts or borrow money for any other than school purposes.

" 4. That under the several special bounty acts for Lebanon county and Heidelberg township, as well as the general bounty acts, the school directors are the agents of the township, and all those acts expressly require that wherever money is borrowed by them, the bonds, &c., shall be given in the name of the township, and that all contracts under said acts are contracts of the township, and not of the school district.

" 6. That under the general principles of law, the bond here in controversy is not the bond either of the township or school district.

" 7. That under all the facts in the case, and the law governing the same, the school district is not liable."

Judge Pearson charged the jury as follows :—

"By a resolution of the school directors of Heidelberg township, it was resolved to borrow $13,500 for the purpose of paying bounties to volunteers and filling the draft. It would seem from the evidence, that John Horst lent the board eight hundred dollars at an interest of 5 per cent. payable at one year. This is shown both by the bond and cash book of the board. A bond was given for the money, signed and sealed by all of the school directors, including the president and secretary of the board, but not attested in their official capacity as directed by the Act of 1854. The bond on its face shows that it was given by the men as a school board, and not as individuals, and the obligee knew that he was lending the money to the municipality and not to them personally. [We are of the opinion, and so instruct you, that the school directors had the right to borrow the money for the purposes indicated by the resolution, and that the bond given is not binding on the men who signed individually, but on the municipality only;] were such a bond given by a private corporation, or an unincorporated society, it would be otherwise. The persons signing in this form and under their own seals might be individually bound. [It is otherwise in the case of public officers, which those representing municipalities are. Those who deal with them know their situation; that they act in their representative capacity, and cannot be held individually.]

" Is this bond binding on the school district, or the township ? The law of 1854, prescribing a form, applies to indebtedness for school purposes. The laws under which this money was borrowed have no relation to school business. The board is authorized to represent this township or district in a different capacity, and to raise money for another object. [Bonds may be given, but no form is prescribed. We have substance here : the signatures of

the president and secretary, together with the rest of the board, and their failure to call themselves by their official designations is unimportant. The bond is good in either way.] If no bond had been given, this money could be recovered by proving the entries on the books of the school district, which show the resolution to borrow, for what we say, was a lawful purpose, and that it was lent to the board by the plaintiff, under the resolution. [A recovery could be had in this case independently of the bond.]

" [It is said that this suit should have been against the township, and not against the school district. They have one and the same geographical boundary, the same tax-payers must raise the money to discharge the debt; therefore, calling the defendant Heidelberg township, or the school district of Heidelberg township, is more form than substance.] More especially as the school directors, and not any other township officers must always levy and collect the tax to meet the debt. I held in the case of one of the wards of the city of Harrisburg, that when the board of election officers had resolved to borrow money to pay bounties, a subsequent board, two years after, might be compelled by mandamus to lay a tax on the ward to meet the debt, and this was affirmed by the Supreme Court. It was obligatory on the ward, and must be carried out by the officers who commenced the proceeding. Although this is a township debt, the tax to pay it must always be laid by the school board, not by any others. It would unquestionably have been more in accordance with the direction of this statute, if this bond had been given in the name of ' Heidelberg township,' and been signed by the school board; but the people have had the benefit of the loan, have received and used the money, and must repay it. [The plaintiff would be entitled to recover on the second count of the *narr.*, and the record can be so amended as to make the action against Heidelberg township, instead of the school directors thereof. It is an amendment of mere form, and will be permitted by the court, and the record may be treated as amended.] This, with the answers to the points, will raise all the legal questions in the case:

" 1 and 2. These points negatived. This debt is not contracted under the school laws or for school purposes, and the form of obligation, or by whom to be signed, is not prescribed by the special statutes.

" 3. This money is not borrowed for school purposes, or under the general laws, but for *quasi* military purposes, under a special statute. The legislature could designate the school board to perform that duty as well as they could do it for school purposes. The power in each case must come from the legislature.

" 4. We consider this contract made for the township which had the benefit of the money borrowed by its designated officers; and although the bond was not drawn in the form designated in

12 P. F. SMITH—20

[Heidelberg School District *v.* Horst.]

the laws, as to bounties in Lebanon county, yet no form is prescribed for Heidelberg township, and the contract of loan is sanctioned and confirmed. The money having gone for the benefit of the township for a purpose recognised by law, must be repaid. The bond is not void, but is evidence of indebtedness, and a recovery could be had against the township on the evidence given, if it did not exist. The words 'school district of' may be stricken out as surplusage, and thus the record amended.

"5. This point is correct. For many and almost every purpose they are distinct corporations, although composed generally of the same individuals within similar boundaries.

"6. This may be right as an abstraction, but we consider the bond good evidence of indebtedness, and even if out of the way, the township or school district books contain sufficient of themselves.

"7. We consider the township of Heidelberg liable for this debt on the whole evidence, and the plaintiff can recover."

The verdict was for the plaintiff for $895.56.

The defendant took a writ of error, and assigned for error the admission of the bond in evidence, the refusal to strike out Louser's testimony, the answers to the points, and the portions of the charge in brackets.

*W. M. Deer* and *G. Weidman,* for plaintiff in error, as to sufficiency of the execution of the bond, cited Act of May 8th 1854 (School Law), Pamph. L. 617, Purd. 166, *et seq.;* Cooper *v.* Lampeter Township, 8 Watts 127 ; Heffernan *v.* Addams, 7 Id. 120. As to Louser's testimony : McKinney *v.* Leacock, 1 S. & R. 27 ; Lee *v.* Lee, 9 Barr 169. If an agent signs in his own name he is individually responsible : William Simonds *v.* Horace Heard, 23 Pick. R. 120 ; Appleton *v.* Binks, 5 East 148 ; Duvall *v.* Craig, 2 Wheat. 56 ; Stone *v.* Wood, 7 Cowen 453 ; Davis *v.* City, 3 Phila. R. 374 ; Peirce *v.* United States, 1 N. H. R. 270 ; Barker *v.* Mech. Bank, 3 Wend. 94 ; Taft *v.* Brewster, 9 Johns. 334 ; Glover *v.* Wilson, 6 Barr 292 ; Greenfield *v.* Yeates, 2 Rawle 158 ; Wilson *v.* Huntingdon Co., 7 W. & S. 197 ; Frankem *v.* Trimble, 5 Barr 520 ; 1 Chitty's Pl. 11.

*C. M. Zerbe* and *A. R. Boughter,* for defendant in error, referred to Acts of 1864 and 1854, *supra.* The school directors could bind the township as they have done : McLain *v.* Snyder Sch. Dist., 2 Jones 204 ; Roberts *v.* Austin, 5 Whart. 313 ; Anderson *v.* Hamilton Township, 1 Casey 75 ; Wharton *v.* School Directors, 6 Wright 358 ; Barnet *v.* School Directors, 6 W. & S. 48 ; Gearhart *v.* Dixon, 1 Barr 224 ; School Directors *v.* McBride, 10 Harris, 215 ; Fagely *v.* Bellas, 5 Id. 67 ; Rathbon *v.* Bridlong, 15 Johns. 1 ; Randall *v.* Van Vechten, 19 Id. 60.

[Heidelberg School District v. Horst.]

The opinion of the court was delivered, July 6th 1869, by

AGNEW, J.—This is an attempt to impale an honest debt on the sharp points of the law, which ought not to succeed, and we think the corrective power of the court is sufficient to prevent it. The president judge of the court below struck at the root of the chief objections when he said he would treat the action as amended, and as now in the name of the township of Heidelberg. He had abundant evidence before him to justify the amendment, and ample authority also to be found in the following cases: Barnet v. School Directors, 6 W. & S. 48; Prescott v. Burgess, &c., of Duquesne, 12 Wright 118; Robertson & Co. v. Reed, 11 Id. 115; Barnhill v. Haigh, 3 P. F. Smith 165. If not entered on the record, and if necessary, the amendment can yet be made.

The debt set forth in the bond was clearly a debt of the township for money borrowed for and used by it, although the paper was informally drawn and signed. With the accompanying minutes of the board and the testimony the bond was competent evidence, however, of the debt: Anderson v. Hamilton Township, 1 Casey 75; McLain v. Snyder Tp. Sch. Dist., 2 Jones 204; School Directors v. McBride, 10 Harris 215; Magill v. Kauffman, 4 S. & R. 317; Roberts v. Austin, 5 Whart. 315. Debt as well as assumpsit lies for a certain and definite sum of money.

The court was right also in saying that this claim was against the township, as such, and not against the school district. The money was borrowed under certain local acts, Pamph. L. (1864) 1002, Id. (1865) 723, for military, not school purposes; and the school directors were merely authorized by these acts to perform a special duty outside of their proper duties prescribed by the school laws. The debt was therefore a debt against the township and not the school district. But the learned judge has so well stated and defended his positions it is unnecessary to say more.

The judgment is affirmed.