### SCOTT v. STOCKHOLDERS' OIL CO. et al.

(Circuit Court, E. D. Pennsylvania. February 23, 1903.)

#### No. 1.

1. CORPORATION—PROCESS—SERVICE—DENIAL.

Where the person on whom process was served as the secretary and general manager of a corporation defendant deposed that he was not "at the time" stated in the return secretary, or manager, or officer, or director of the corporation, and that he had no connection therewith except as stockholder, the fact that he failed to object that he was not secretary or manager "at or after the time" when the process was served did not justify the inference that he was such officer.

Samuel J. Houston and Lawrence W. Baxter, for complainant.
Joseph R. Embery, for respondents.

DALLAS, Circuit Judge. The marshal has returned that on February 13, 1903, he served the subpœna in equity in this case "on the Dumble Development Company by giving a true and attested copy thereof to Theodore J. Dumble, secretary and general manager of said company"; but from the affidavits of Theodore J. Dumble it appears that he was not at that time secretary, or manager, or officer, or director of the Dumble Development Company, and that he had no connection with it except as stockholder, and was not an agent or representative of it. The affidavit filed in opposition to the motion to set aside the service does not meet that of Mr. Dumble. His omission to object that he was not the secretary or manager of the Dumble Company at or after the time when service of subpœna, bill of complaint, and motion for injunction and receiver was made upon him would not justify the inference, as against his positive oath to the contrary, that he was in fact such secretary or manager. Inasmuch as this court has, therefore, not acquired jurisdiction as respects the Dumble Development Company, a party interested to oppose the plaintiff's motion for injunction and receiver, it follows that that motion cannot be allowed; and, accordingly, the motion to set aside the service of the subpœna as to the Dumble Development Company is granted; and the motion for a preliminary injunction and for the appointment of a receiver is dismissed without prejudice.