INTERNATIONAL WIRELESS TELEGRAPH CO v. FESSENDEN. (No. 1.)

(Circuit Court, D. New Jersey. November 24, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—JURISDICTION.
    A court is without jurisdiction of a suit for infringement of a patent where the bill shows that defendant is a nonresident of the district, and it is not alleged that any act of infringement was committed within the district, or that defendant has an office or place of business within the district, with an agent in charge on whom service could properly be made.

In Equity. Suit for infringement of patent. On motion to dismiss for want of jurisdiction, and motion for costs to defendant on dismissal.

T. J. Johnston, for the motion.
E. B. Leaming and W. S. Darnell, for plaintiff.

¶ 1. See Patents, vol. 38, Cent. Dig. § 466.

KIRKPATRICK, District Judge. This bill is filed by the complainant, who states it is a citizen of New Jersey, against the defendant, who is described as a citizen of Virginia, for an alleged infringement of a patent of the United States. The Revised Statutes (U. S. Comp. St. 1901, pp. 588, 589) make provision for the service of process in such cases as follows:

"That in suits brought for the infringement of letters patent the Circuit Court shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established business, service of process, summons or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The object of the law, doubtless, is to afford a forum in which injuries sustained by the infringement of letters patent may be redressed not only at the place at which the infringer may reside, but where he has a place of business and commits the infringing acts complained of. The defendant's place of business in the district must be a regular and a substantial one, actually conducted by an agent in charge. Service upon such agent is sufficient to compel the defendant's appearance in court to answer the complaint; but the agent in charge of such business must be one who stands in a representative capacity to the defendant, so that he may be properly held, in law, an agent to receive such process in the defendant's behalf. There are many cases sustaining this principle, the latest being Connecticut Mutual Insurance Company v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569. The return of the marshal in this case is as follows:

"The within subpœna ad respondendum served on the defendant, Reginald A. Fessenden, at Bayonne, in the District of New Jersey, on the 5th day of October, 1903, by delivery to and leaving with William Cole, who is in charge of defendant's plant, personally a copy thereof, and at the same time informing him of its contents."

It does not appear that the defendant had a regular and established place of business in the district, or that Cole, upon whom the process was served, was in any sense the agent of the defendant conducting such business. The return says he (Cole) was in charge of the defendant's plant, but fails to state whether in the "plant" any kind of business was being conducted. The service of the writ not being in conformity with the statute, the return should be quashed.

The bill is defective in that, after showing that the defendant is a nonresident of the district, it fails to state any jurisdictional facts. It does not allege the commission of any act of infringement within the district, or that the defendant has an office or place of business within the district, with an agent in charge, engaged in conducting such business, upon whom service could properly be made. The jurisdiction of the court must appear in the pleadings, "and the presumption is that a cause is without the jurisdiction of the court unless the contrary affirmatively appears." Grace v. American Central Insurance Co., 109 U. S. 283, 3 Sup. Ct. 207, 27 L. Ed. 932. The defendant has entered a special appearance for the purpose of raising the question of the

jurisdiction of the court in accordance with the practice approved in United States v. American Bell Telephone Company (C. C.) 29 Fed. 17.

In accordance with the views expressed in the above case, and for the reasons above given, I am of opinion that the bill should be dismissed.