## ROSENBLUTH v. HUDSON MOTOR CAR CO. et al.

(District Court, E. D. Pennsylvania. March 30, 1920.)

No. 1997.

1. **Principal and agent ⬡⟹23(1)—Agency not established by hearsay declarations.**

Agency cannot be established by proof of hearsay declarations as to agency made by an agent.

2. **Patents ⬡⟹288—Foreign corporation held not within district, so as to be subject to suit.**

In a patent infringement suit, begun in the Eastern district of Pennsylvania against a Michigan corporation, under that provision of the Judicial Code declaring that if suit is brought in a district of which defendant is not an inhabitant, but in which defendant has a regular and established place of business, service of process on defendant may be made by service on his agent, proof that the alleged agent merely purchased from the Michigan corporation motor cars for resale under a contract expressly providing that the relation should be that of buyer and seller, and that the buyer should not be authorized to accept service for the seller, necessitates setting aside of service on the Michigan corporation.

In Equity. Suit by Edwin M. Rosenbluth against the Hudson Motor Car Company and others. On motion to set aside service as to the Hudson Motor Car Company. Motion granted.

Arthur E. Paige, of Philadelphia, Pa., for plaintiff.

Monroe Buckley, of Philadelphia, Pa., and MacLeod, Calver, Copeland & Dike, of Boston, Mass., for defendants.

THOMPSON, District Judge. This is a suit for infringement of a patent. Section 48 of the Judicial Code (Comp. St. § 1030) provides that suit may be brought in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business. The bill states that the Hudson Motor Car Company is a corporation of the state of Michigan, doing business at 128 North Broad street, Philadelphia.

The Code further provides:

"If such suit is brought in a district of which the defendant is not an inhabitant, but in which said defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The marshal returned that he served the defendant through service upon "John C. Schwartz, their agent in charge of their business for this district." It appears from the affidavit of John C. Schwartz:

That he is president of the Gomery-Schwartz Motor Car Company of Philadelphia. That at the time the attempt was made to make service on the Hudson Motor Car Company he was not, neither was the Gomery-Schwartz Motor Car Company, an agent of the Hudson Motor Car Company. That neither he nor the Gomery-Schwartz Motor Car Company has ever been agent of the Hudson Motor Car Company. That the Gomery-Schwartz Motor Car Company buys

⬡⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Hudson motor cars, and spare parts therefor, from the Hudson Motor Car Company under a contract which contains a clause as follows:

"16. The distributor admits that neither he nor any of his agents, or employés, or dealers, shall in any way be authorized or empowered to conduct business in the name of or for the account of the manufacturer, or on its behalf, or in its name to enter into, contract with, or bill goods to a third person, or in its name to make any promises or representations in respect to goods, or any other matters, and the manufacturer shall not be bound by the acts or conduct of the distributor, nor is the distributor, or any of his employés, agents, or dealers, authorized or empowered as agent or attorney for the manufacturer for the purpose of service in any suit brought against the manufacturer for any person, firm, or corporation."

That the only relation existing, or which has existed, between the companies is that of buyer and seller. That the deponent has never had any relation or connection with the Hudson Motor Car Company, except as an officer of the Gomery-Schwartz Motor Car Company.

It appears from the affidavit of Roscoe B. Jackson that he is treasurer, vice president, and general manager of the Hudson Motor Car Company; that the Hudson Motor Car Company has no place of business or any agent for any purpose whatsoever within the district, and has never had any; that Schwartz is not the agent of the Hudson Motor Car Company, and is not authorized by the company to act on its behalf for any purpose whatsoever, and was not at the time the alleged service was made; that neither is the Gomery-Schwartz Motor Car Company an agent of the Hudson Motor Car Company, nor was it on the date of the alleged service; that the Hudson Motor Car Company sells its cars and parts to the other company, but has no other relations with the company, and never has had; that their relations have always been solely that of buyer and seller. The affidavit further sets up the same clause in the contract set up in the Schwartz affidavit.

[1, 2] There has been no attempt on the part of the plaintiff to contradict the facts set out in the affidavits filed by defendants, except through the affidavits of Abraham Johnson and Walter H. Kille, which merely state a conversation Kille had with one John J. Beatty at 128 North Broad street, Philadelphia, the alleged place of business of the defendants, in which Beatty was asked by Kille, "Are you the agent for the Hudson Motor Car Company?" and he replied, "Oh, yes; yes."

This is merely the hearsay testimony of one representing himself to be an agent, and is insufficient in that respect, and also in that it does not set out sufficient facts to make the Hudson Motor Car Company subject to service in this district. The facts set out in the affidavits are sufficient to render the service invalid. Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272; Jackson v. Delaware River Amusement Co. (C. C.) 131 Fed. 134; International Wireless Co. v. Fessenden (C. C.) 131 Fed. 491; Scott v. Stockholders' Oil Co. (C. C.) 120 Fed. 698.

The motion to set aside service of process is granted.