## Sarah S. Bailey, Appellant, *v.* Williamsport & North Branch Railroad Company.

*Railroads—Corporations—Service of summons—Trespass—Practice C. P. —Act of March* 22, 1817.

An action to recover damages from a railroad company for personal injuries, must be brought in the county where the corporate property is in whole or in part situated.

The act of March 22, 1817, P. L. 129, which provides that suits may be brought " against corporations by their corporate names before any court or magistrate of competent jurisdiction by summons," etc., does not change the common law rule by which process cannot be served out of the district where the artificial body exists.

Defendant, a railroad company, was sued in Philadelphia for negligence resulting in injuries to plaintiff. Service was had upon the treasurer while he was temporarily in Philadelphia. All of the company's line and works were in Lycoming and Sullivan counties. Its principal office was in Lycoming county. and it had no agent, office or property in Philadelphia county. *Held*, that the summons should be set aside.

Acts of June 13, 1836, sec. 42, P. L. 568; March 21, 1842, P. L. 145, and March 17, 1856, P. L. 388, considered.

Argued January 22, 1896. Appeal, No. 52, July Term, 1895, by plaintiff, from order of C. P. No. 1, Phila. County, March T., 1895, No. 153, setting aside service of summons. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to set aside service of process.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order making absolute rule to set aside service of process.

*Leoni Melick, of Melick & Potter,* for appellant.—The service was properly made: Act of March 22, 1817, P. L. 438; Act of June 13, 1836, P. L. 568; Act of February 19, 1849, P. L. 85; Act of April 8, 1851, P. L. 354; Act of March 17, 1856, P. L. 388; Cochran v. Library Co., 6 Phila. 492.

A domestic corporation may be sued in any county where service may be had upon the proper officer: Lehigh Coal & Navigation Co. v. Lehigh Boom, 6 W. N. C. 222; Phillips v. Library Co., 141 Pa. 462.

A rule to set aside a service will be discharged where the defendant has not entered an appearance: Davis v. Mayer, 6 Lanc. 105.

The defendant, until he appears, has no standing to move to set aside the service of the writ: Brock v. Brock, 18 W. N. C. 123.

*Henry F. Walton* and *John K. Andre,* for appellee.—Plaintiff's contention that Walton and Andre, Esqs., were not entitled to be heard upon the application to the court below to set aside service of summons is without merit: Miles v. McCullough, 1 Binney, 77; Dupont v. Pichon, 4 Dall. 321; 22 Am. & Eng. Ency. of Law, 168.

The plaintiff must bring her action in the county where defendant's property or office is located, or where the trespass is alleged to have been committed: 22 Am. & Eng. Ency. of Law, 116; Act of March 22, 1817; 6 Sm. L. 438; Act of June 13, 1836, P. L. 568; Phillips v. Library Co., 141 Pa. 462; Act of March 21, 1842, P. L. 145; Act of April 8, 1851.

The ruling in the case of Cochran v. Library Co., 6 Phila. Rep. 492, referred to by appellant, is erroneous. When that case was decided, the interpretation of this act, as given in the case of Parke v. Com. Insurance Co., 44 Pa. 422, was evidently not considered.

OPINION BY MR. JUSTICE DEAN, March 2, 1896:

The defendant is a duly chartered corporation of the commonwealth; its road is about forty-five miles in length and is located

wholly in the counties of Lycoming and Sullivan; its principal office is in Hughesville, Lycoming county, and it has no agent, office or property in Philadelphia county. The treasurer of the company, J. H. Cochran, resides in Williamsport, Lycoming county. On the 21st of April, 1894, plaintiff, while a passenger on one of defendant's trains, was seriously injured in a collision; averring her injury was caused by the negligence of defendant, she brought suit in the common pleas of Philadelphia, and procured service on Mr. Cochran, the treasurer, when he was temporarily in the city. The defendant's counsel, without entering appearance, on affidavit of the facts and allegation that the service gave the court no jurisdiction, obtained a rule on plaintiff to set aside the summons. The court, on hearing, decreed the rule absolute, and we now have this appeal.

Appellant argues that a railroad company, chartered under the laws of Pennsylvania, can be sued in any county of the commonwealth by service of summons on the treasurer of the corporation. It is sought to sustain this contention by the language of the act of March 22, 1817, the first section of which enacts: " That suits may be brought against corporations by their corporate names before any court or magistrate of competent jurisdiction by summons which may be served on the president or other principal officer, or on the cashier, treasurer, secretary or chief clerk or such corporation."

It is obvious two constructions can be placed upon the language, "before any court or magistrate of competent jurisdiction." Is it the intention to enlarge the common law jurisdiction of courts, by giving them cognizance of all suits against all corporations in the commonwealth, without regard to the corporation's place of business or the location of its property, restricting the right to sue in any common pleas court only by the ability to serve a writ on one or other of the officers named? Or does it define in what courts, within the different counties of the commonwealth, suits may be brought against corporations?

At common law process could not be served out of the district where the artificial body existed: 1 Tidd's Practice, 140.

It does not seem reasonable the legislature intended a suit might be brought in Philadelphia against a street railway company of Harrisburg, a religious corporation of Pittsburg, or a cemetery company of Erie, if service could be had on a corpora-

tion officer who happened to visit Philadelphia. That a corporation, in all its business essentially local, shall be compelled to appear with its witnesses for trial in a court three or four hundred miles distant, ought not to be so decided unless the declaration be express or the implication unavoidable. Standing by themselves, we would be inclined to hold that the legislature intended no enlargement of the jurisdiction of the courts, by the words " Court or magistrate of competent jurisdiction ; " that it was only intended to indicate what courts having jurisdiction of like amounts and like causes of action between natural persons should have jurisdiction in actions against corporations. But, further, the whole course of subsequent legislation on the same subject sustains this view.

The act of June 13, 1836, section 42, P. L. 568, enacts :

" In actions for damages, occasioned by a trespass or injury done by a corporation, if the officers aforesaid of such corporation, or any of them, shall not reside in the county in which said trespass or injury shall be committed, it shall be lawful to serve the summons upon any officer or agent of the corporation at any office or place of business within the county ; or if there be no such office or place of business, it shall be lawful to serve the summons upon the president or other principal officer, cashier, treasurer, secretary or chief clerk, in any county or place where they may be found."

While this provision is for the benefit of the party injured, it is manifestly based on the assumption that suit is restricted to the county where the trespass or injury is committed.

The next legislation is the 8th section of act of March 21, 1842, P. L. 145.

" When any action is commenced by any person or persons, or bodies corporate, against an incorporated railroad or canal company, in any county in which the corporate property of such company is wholly or in part situated, it shall be lawful, if the president, treasurer, secretary or chief clerk of such corporation do not reside, or cannot be found in such county, for the sheriff, or the officer to whom such process is directed to serve the same, on any manager or director of such company, being in such county, and the service so made shall be deemed sufficient, and in case no director or manager can be found in the county, it shall be lawful for such officer to go into an adjoining county to serve the process as hereinbefore stated."

Then follows the act of 17th March, 1856, P. L. 388. The title is: "An act relating to the service of process in certain cases." "That hereafter when any action is commenced by any person against any corporation in any county in which the property of said corporation is wholly or in part situated, it shall be lawful, if the president, treasurer, secretary or chief clerk do not reside or cannot be found in such county, for the sheriff or officer to whom any process may be directed to serve the same on any manager or director in such county, and the service so made shall be deemed sufficient; and in case no director or manager can be found in such county, it shall be lawful for the sheriff or other officer to whom such process is directed to go into any county to serve the process aforesaid."

Under this last cited act, in Hawn v. Penna. Canal Co., 154 Pa. 455, the suit was brought in the common pleas of Huntingdon county; before suit brought, the corporate property, the canal, had been in part located and operated in the county, but at the date of the suit that part had been abandoned; service of the writ was had upon a director residing in Philadelphia at the principal office of the company. This court held, that although the cause of action arose before the abandonment of the corporate property, the suit must be brought in the courts of a county where the corporate property was wholly or in part situated at the institution of the suit. The point before us did not arise in that case; we cited it only to show that counsel, the court below and this Court assumed that a proper construction of the act compelled the institution of suit in a county where the corporate property was wholly or in part situated, before a service on an officer outside the county would give the court jurisdiction over the corporation. Here the service was not in a county where any part of the corporate property was situated; it was on an officer temporarily within the territorial limits of the court, where the corporation had neither office nor agent, and where, so far as appears, it transacted no business.

We hold, that a proper construction from all the legislation on the subject compels the plaintiff to bring her action in this form and for this cause in a county where the corporate property is in whole or in part situated.

The judgment is affirmed.