John G. Platt *v.* The Belsena Coal Mining Company, Appellant.

191    215
204    458

191    215
d 25 SC 631

*Appeals—Interlocutory order—Quashing appeal.*

An order discharging a defendant's rule to show cause why the service of a bill in equity on a person named as defendant's agent should not be set aside is an interlocutory order from which no appeal lies.

Argued April 19, 1899. Appeal, No. 402, Jan. T., 1898, by defendant, from order of C. P. Clearfield Co., May T., 1898, No. 3, discharging rule to set aside service of bill in equity. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Rule to set aside bill in equity.

GORDON, P. J., filed the following opinion:

This case was heard on the petition and answer, which shows that John H. Klock, upon whom the bill was served as agent and superintendent of the Belsena Coal Mining Company, de-

fendant, was, in fact, acting in the capacity indicated. It is true the petition alleges he was not an agent of the company "upon whom service of the bill" could be made, but that assertion is based upon the allegation that the petitioner, having been named as the company's agent, as required by the act of April 22, 1874, no legal service could be had upon any other agent. The agency of Klock being thus admitted, the service upon him would be good under the act of March 21, 1849: Hagerman v. Empire Slate Co., 97 Pa. 534; Benwood Iron Works v. Hutchinson, 101 Pa. 359; Fulton v. Accident Association, 172 Pa. 117.

But it is claimed by petitioner that regardless of Klock's position as agent, the company having designated him—Deady—as its authorized agent in the state, Klock was not an agent on whom the service could be made; that for service purposes he was not an agent, and the cases of Liblong v. Kansas Fire Insurance Company, 82 Pa. 413, and Hagerman v. Empire Slate Co., 97 Pa. 534, were cited as sustaining that position. The question then arises, did defendant corporation comply with the act of 1874. In my opinion it did not do so. The certificate attached to the petition shows that Frank J. Deady, the petitioner, was named as agent on April 11, 1898, while the service upon Klock was had March 31, 1898. But a certificate from the office of the secretary of the commonwealth was offered and admitted in evidence at argument on rule, showing that Hon. D. L. Krebs had been named as the authorized agent of the corporation, but it was admitted that he had no knowledge of having thus been named as agent until Deady was named as his successor on April 11, 1898, and that the "certificate of the secretary of the commonwealth" of the filing of the statement was not "preserved for public inspection" by him as agent, as required by the second section of said act, which evidence and admission were received with same effect as if set out in an amendment to the petition.

It is true that where a remedy is provided by act of assembly it alone must be pursued, but this obligation rests upon all persons affected by it, and it especially rests upon the class of persons for whose benefit the law was enacted or which seeks to take advantage of it to defeat a proceeding which would otherwise be legal, especially as in this case where no injustice would ap-

parently result from the service as made, and to set it aside would but result in additional expense and delay. In the case of Wintermute v. Central R. R. of N. J., 5 Pa. C. C. R. 648, it is held that the failure to preserve for public inspection the certificate required, prevents a foreign corporation from availing itself of the provisions of the act of 1874.

The rule is discharged.

*Error assigned* was the order of the court. Appellee moved to quash the appeal.

*Roland D. Swoope,* with him *William F. Patton, Patterson & Gleason* and *George H. Zeigler,* for appellee, on motion to quash. —This appeal should be quashed : Lauer v. Lauer Brewing Co., 180 Pa. 596 ; Kendrick v. Overstreet, 3 S. & R. 357 ; Brown v. Ridgway, 10 Pa. 42 ; Holland v. White, 120 Pa. 228 ; Bennethum v. Bowers, 133 Pa. 332 ; Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354 ; Coleman's App., 75 Pa. 441 ; Transit Co. v. Pipe Line Co., 180 Pa. 224 ; Rand v. King, 134 Pa. 641 ; Annexation to Borough of Camp Hill, 142 Pa. 511 ; Darby v. Sharon Hill, 112 Pa. 66 ; Esling's App., 89 Pa. 205.

*Henry C. Terry,* with him *Courtland K. Bolles* and *Krebs & Patterson,* for appellants, contra.

PER CURIAM, April 24, 1899 :

This appeal is from the decree of the court below discharging the defendant's rule " to show cause why the service of the bill of complaint in the above cause on John H. Klock," etc., " should not be set aside."

The decree in question is clearly interlocutory, and no appeal lies therefrom to this or any other court at the present stage of the cause. The motion to quash must therefore be sustained.

Appeal quashed, at appellant's costs, and record remitted with a procedendo.