## Park Brothers & Company, Limited, Appellant, *v.* Oil City Boiler Works.

204     453
d 25 SC [3]631
204     453
f220    [1]637

*Corporation—Domicil of corporation—Service of process—Act of July 9, 1901, P. L. 614.*

The common-law rule as to suits against corporations is still the general rule in Pennsylvania, and under it no suit is authorized against a corporation, except in a county where the corporate property is in whole or in part situated, or where it transacts a substantial part of its business. There is nothing in the Act of July 9, 1901, P. L. 614, to change the rule. That act merely regulates the service of process, and makes no changes in the jurisdiction of courts and the liability of corporations to be sued.

*Corporations—Service of process—Setting aside service by rule—Plea in abatement—Practice, C. P.*

An irregular service of process on a corporation may be set aside on a rule. It is not necessary to put the defendant to a plea in abatement. The enlarged and liberal operation of relief upon rules is a feature of Pennsylvania practice.

While it is still the law that the sheriff's return is conclusive on the parties and cannot be contradicted, yet modern practice is liberal in allowing inquiry into the actual facts where the return itself is not full or explicit. A proper return should set out a service at the office or place of business of the corporation in the county, or if not so served, then the facts should be affirmatively returned which will bring the service within some of the methods prescribed by statute.

Argued Oct. 29, 1902. Appeal, No. 91, Oct. T., 1902, by plaintiff, from order of C. P. No. 2, Allegheny Co., April T., 1900, No. 427½, making absolute a rule to set aside service of process in case of Park Brothers & Company, Limited, for use of the Park Steel Company, v. Oil City Boiler Works. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Rule to set aside service of process.

From the record it appeared that the defendant company is a manufacturing corporation of Pennsylvania, having its office in Oil City, Venango county, and having no office or place of business in Allegheny county. The suit was brought in assumpsit to recover the price of steel sold to the defendants by the plaintiffs by a written contract, the place of execution and

delivery of which did not appear, but which provided for the delivery of steel f. o. b. Pittsburg to the defendant company.

The return was as follows :

"Served July 31, 1901, by delivering a true and attested copy of this writ to D. J. Geary, vice president of the Oil City Boiler Works, a corporation of Pennsylvania, and made known to him the contents thereof.

"So ans.                    WM. C. McKINLEY, Sheriff."

D. J. Geary filed the following affidavit :

D. J. Geary, being duly sworn according to law, deposes and says that the Oil City Boiler Works is a corporation organized under and existing by virtue of the laws of the State of Pennsylvania ; that it has no property, agent or place of business in the county of Allegheny, and did not have on July 31, 1901, and for a long time prior thereto ; that none of its officers or directors resided in the county of Allegheny ; that it transacts no business in the county of Allegheny, and has not transacted any business in the county of Allegheny for many months prior to July 31, 1901, on July 31, 1901, or since ; that on July 31, 1901, while deponent, the vice president of said corporation, was passing through said city of Pittsburg on his way to the city of New York, being only temporarily at said city, summons in said above stated case was served upon him ; that he is advised said service gave the court no jurisdiction.

The court granted a rule which it subsequently made absolute.

*Error assigned* was the order of the court.

*John S. Wendt*, with him *D. T. Watson*, and *Johns McCleave*, for appellant.—Conceding for the sake of the argument that the defendant had no office or agency in Allegheny county, we contend that in view of the facts that the defendant transacted business there, that the contract in question was made there and the cause of action arose there, the defendant was liable to suit by the plaintiff in Allegheny county : Kansas City, etc., R. R. Co. v. Daughtry, 138 U. S. 298 (11 Sup. Ct. Repr. 306); Dinzy v. Ill. Cent. R. Co., 61 Fed. Repr. 49 ; Cloud v. Pierce City, 86 Mo. 357 ; 19 Ency. of Pl. & Pr. title Serv-

vice of Process, 632 ; State v. Western N. C. R. Co., 89 No. Car. 584 ; Cook on Corporations, secs. 752, 758 ; Newby v. Colts Patent Fire Arms Co., L. R. 7 Q. B. 293 ; Lafayette Ins. Co. v. French, 18 How. 404 ; St. Clair v. Cox, 106 U. S. 350 (1 Sup. Ct. Repr. 354) ; McQueen v. Middletown Manuf. Co., 16 Johns. Rep. 5 ; Nash v. The Rector, etc., 1 Miles's Rep. 78 ; Lehigh Coal & Nav. Co. v. Lehigh Boom Co., 6 W. N. C. 222 ; Ely v. Northern Pacific Railroad Co., 6 W. N. C. 385 ; Peckham v. North Parish in Haverhill, 33 Mass. 274 ; Bank of Augusta v. Earle, 13 Peters (U. S.), 519, 588 ; Miller v. Wheeler & Wilson Mfg. Co., 46 Fed. Repr. 882.

But even if in error in our first point, then we contend that the service was valid under the Act of July 9, 1901, P. L. 614 : Barrow Steamship Co. v. Kane, 170 U. S. 100 (18 Sup Ct. Repr. 526).

The court erred in setting aside the service on motion : Ball v. Warrington, 87 Fed. Repr. 695 ; Comet Consol. Mining Co. v. Frost, 15 Colo. 310 (25 Pac. Repr. 506) ; People v. Central City Bank, 53 Barb. 412 ; Benwood Iron Works v. Hutchinson, 101 Pa. 359 ; Camden Rolling Mill Co. v. Swede Iron Co., 32 N. J. L. 15 ; Newell v. Great Western R. R. Co., 19 Mich. 336 ; Philips v. Library Co., 141 Pa. 462 ; Hunt v. Economical Mut. Ben. Assn., 17 W. N. C. 423 ; Hagerman v. Empire Slate Co., 97 Pa. 534 ; Fulton v. Commercial Travelers' Accident Assn., 172 Pa. 117 ; Winrow v. Raymond, 4 Pa. 501 ; Dale v. Blue Mountain. Mfg Co., 167 Pa 402.

*A. Leo Weil,* with him *Charles M. Thorp,* for appellee.—The service was properly set aside : Bailey v. Williamsport & North Branch R. R. Co., 174 Pa. 114 ; Brobst v. Bank of Pennsylvania, 5 W. & S. 379.

The service act of 1901 did not give jurisdiction to the court in this case.

The court did not err in setting aside the service on motion : Park v. Commonwealth Insurance Co., 44 Pa. 422 ; Hagerman v. Empire Slate Co., 97 Pa. 534 ; Hawn v. Penna. Canal Co., 154 Pa. 455 ; Fulton v. Commercial Travelers' Accident Association, 172 Pa. 117 ; Bailey v. Williamsport, etc., Railroad Co., 174 Pa. 114.

OPINION BY MR. JUSTICE MITCHELL, January 5, 1903 :

At common law a corporation could only be sued in the territorial jurisdiction where it had its legal domicil, and that was where it had its chief place of business. The general corporation act of this state requires the charter to set out " the place or places where its business is to be transacted," and this becomes the legal domicil of the corporation. Notwithstanding the learned and ingenious argument of the appellant, it is too firmly settled to admit of question that the common-law rule as to suits against corporations is still the general rule in Pennsylvania, and any exceptions to it must rest on clear statutory authority. The learned judge below found some conflict in the decisions of the courts of common pleas and some uncertainty perhaps in those of this court. It is not worth while, however, to enter upon an extended review and comparison of the cases, since the subject was carefully considered and settled in Bailey v. Williamsport, etc., R. R. Co., 174 Pa. 114. In that case the legislation down to that date was reviewed by our Brother DEAN and the result shown that no suit is authorized against a corporation except in a county where the corporate property is in whole or in part situated, or where it transacts a substantial part of its business : Jensen v. Philadelphia, etc., St. Railway Co., 201 Pa. 603.

Since those cases arose, however, there has been passed the Act of July 9, 1901, P. L. 614, and we have to consider its effect. It is entitled, " An act relating to the service of certain process in actions at law, and the effect thereof, and providing who shall be made parties to certain writs." It provides somewhat elaborately for service of summons, attachment in execution, etc., first upon individuals and secondly upon corporations, limited partnerships, etc., by the sheriff " in the county wherein it is issued, in any one of the following methods : (*a*) by handing a true and attested copy thereof to the president, secretary, treasurer, cashier, chief clerk or other executive officer personally, or . . . . (*f*) If the corporation . . . . has no office or place of business in actual operation in the county where the cause of action arose, then service may be made in such county upon any member of its board of directors in any of the methods set forth" previously. These are the only portions of the act bearing upon the present inquiry, the others merely varying the al-

lowable kinds of service under different circumstances. All of them relate solely to methods of service. No direct reference is made anywhere to the jurisdiction of the courts, nor is any such intent discoverable in the title. The only phrases from which such intent could be even remotely inferred are in the 2d section, above quoted that the sheriff may serve the writ " in the county wherein it is issued," and the provision in clause (*f*) for service where the corporation has no office or place of business in actual operation " in the county where the cause of action arose." These are altogether insufficient to turn an act whose title and plain general purpose relate solely to methods of service, into one making substantial changes in the jurisdiction of courts and the liability of corporations to be sued. The words, " county wherein it is issued," and " county where the cause of action arose," mean county wherein it was legally issued, and county where the location of property or business gave jurisdiction to the courts under existing law. If the quarter sessions issued a writ of summons in a civil action, it could hardly be contended that it was sustainable by this act, and yet the argument cannot stop short of that result if the language quoted was a grant of jurisdiction. The learned judge below was correct in holding that the act of 1901 was a regulation of service only.

It is further complained the court erred in setting aside the service on a rule, instead of putting the defendant to a plea in abatement. The latter is the ancient and more formal way, but it is not necessarily exclusive. The enlarged operation of rules is a somewhat peculiar and very admirable feature of Pennsylvania jurisprudence, growing largely out of the administration of equity through common-law forms. It was early held that remedy by rules had supplanted the ancient audita querela and writ of error coram nobis, and the constant tendency of modern practice has been to enlarge rather than to restrict their operation. No serious disadvantages have as yet been perceived and the convenience is such that the legislature has in some cases, such as the acts of 1836 as to interpleaders in the district court of Philadelphia, of 1881, 1885, 1889, and 1893 as to ejectments, etc., carried rules beyond their natural and legitimate province and clothed them with the office of original process.

The practice of setting aside service on rule has the sanction of precedents sufficient to save it from being pronounced irregular in cases where it reaches the desired end without inconvenience or injustice to either party. See Parke v. Commonwealth Ins. Co., 44 Pa. 422, Hagerman v. Empire Slate Co., 97 Pa. 534, Hawn v. Penna. Canal Co., 154 Pa. 455, Fulton v. Commercial Travelers' Accident Assn., 172 Pa. 117, Bailey v. Williamsport, etc., R. R. Co., 174 Pa. 114, Platt v. Belsena Coal Mining Co., 191 Pa. 215, and Jensen v. Phila. & S. Ry. Co., 201 Pa. 603.

While it is still the law that the sheriff's return is conclusive on the parties and cannot be contradicted, yet modern practice is liberal in allowing inquiry into the actual facts where the return itself is not full or explicit. The return in the present case is exceedingly meager. It does not show that the service upon the vice president of the defendant corporation was made in Allegheny county or even in the state of Pennsylvania. No doubt these facts will be presumed in favor of the sheriff's official action, but the facts are left open to inquiry. If it appeared that the service was in another state it would unquestionably be bad notwithstanding the return. A proper return should set out a service at the office or place of business of the corporation in the county, or if not so served then the facts should be affirmatively returned which will bring the service within some of the methods prescribed by statute. The court in the present case did not go into evidence contradicting the return, but only considered other facts consistent with the return but showing details from which it clearly appeared that the service was bad.

Judgment affirmed.