JACKSON et ux. v. DELAWARE RIVER AMUSEMENT CO.

(Circuit Court, E. D. Pennsylvania.   July 8, 1904.)

No. 20.

1. FEDERAL COURTS—CORPORATIONS—PROCESS—SERVICE—RETURN.
    Where in an action in the federal courts against a corporation neither
    the statement, summons, præcipe, nor the return of the marshal recited
    that the corporation was transacting business in the state in which the
    court was sitting, and the process was served, a return of the marshal
    that he served the writ within his district on the corporation by giving
    a true and attested copy thereof to T., president of the corporation, and
    making known the contents of the same to him, was insufficient on its
    face.

2. SAME—VACATION OF SERVICE—RULE—PLEA IN ABATEMENT.
    While a marshal's return of service on a corporation is conclusive on
    the parties, and cannot be contradicted, yet, where the return did not
    show that the corporation was doing business in the state in which the
    court was sitting, and in fact the corporation transacted no business in
    such state, service being made on its president while he was engaged in
    private business therein, an application to set aside such service might
    be made by a rule to show cause, instead of by plea in abatement.

Myles Higgins, for plaintiffs.
Mark W. Collet and Michael J. Ryan, for defendant.

HOLLAND, District Judge.   This is a suit to recover for a personal
injury to Clara Jackson against the defendant, a New Jersey corpora-
tion, which was instituted in this district, and service of the writ of
summons was made upon Mr. Thompson, the president of the company,
while engaged in business in Philadelphia not connected with the said
corporation, and at an office of another and different corporation,
totally distinct from the one named above.   It nowhere appears that
the defendant corporation was engaged in business in the state of Penn-
sylvania; in fact it is denied by the affidavit that it is so engaged.   The
return is as follows:

"At Philadelphia, in my district, served the within writ upon the Delaware
River Amusement Company by giving a true and attested copy thereof to
William J. Thompson, president of said company, and making known the con-
tents of the same to him.   So answers John B. Robinson, U. S. Marshal."

This return, in view of the record in this case, would be insufficient
upon its face upon the authority of Earl v. Chesapeake Railroad Com-
pany (decided by Judge McPherson, in this court, Feb. 8, 1904) 127 Fed.
235, for the reason that neither the statement, summons, præcipe there-
for, nor the return of the marshal recites that the said defendant cor-
poration was transacting business in Pennsylvania; and, while this
may not be necessary in the local courts, in the federal courts, which
are courts of limited jurisdiction, it is necessary that every jurisdictional
fact must appear upon the record.   This view is supported by the case
of St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222.   Other

¶ 1. Service of process on foreign corporations, see note to Eldred v. Palace
Car Co., 45 C. C. A. 3.

cases in point decided in this district, are Scott v. Oil Company (C. C.) 120 Fed. 698, and Id., 122 Fed. 835.

A question of practice, however, is raised as to the proper method of bringing the matter before the court. A rule was granted upon the plaintiff to show cause why the summons should not be set aside upon affidavit made (not in the shape of a petition) by William J. Thompson, the president of the company, alleging that the defendant was engaged solely in business in New Jersey, and that it transacted no business in the state of Pennsylvania, and that service was made upon him, the deponent, while engaged in Philadelphia on private business not connected with that of the defendant corporation. It is contended by the plaintiff in this case that the marshal's return is conclusive of the facts therein stated, and that the question should have been raised by plea in abatement, instead of a rule to set aside the service. In answer to the first question, it is sufficient to say that it will be noted from the facts stated in the defendant's affidavit, which are not contradicted by the plaintiff, that there is no issue raised there with the statement of facts in the marshal's return. It is not denied by Mr. Thompson that he is president of the defendant corporation, or that notice was served upon him in Philadelphia. These facts are admitted; but it is asserted that the service is illegal for the reason that the defendant company carried on no business in this district, and that its president was not in this district in a representative capacity at the time of service. Even if we follow the practice in the local courts in considering the return conclusive, this case is controlled by the recent decision of Chief Justice Mitchell in Park Bros., etc., Co. v. Oil City Boiler Works, 204 Pa. 453, 54 Atl. 334, wherein it is stated that, while it is still the law that the sheriff's return is conclusive on the parties, and cannot be contradicted, yet modern practice is liberal in allowing inquiry into the actual facts, where the return itself is not full or explicit. A plea in abatement will not be required. It is the more ancient and formal way, but not necessarily exclusive now. It has been held that the enlarged operation of rules is a somewhat peculiar and admirable feature of Pennsylvania jurisprudence, growing largely out of the administration of equity through common-law forms, and that the practice of setting aside service on rules has the sanction of precedents sufficient to save it from being pronounced irregular in cases where it reaches the desired end without inconvenience or injustice to either party. Park Bros., etc., Co. v. Oil City Boiler Works, supra, and cases there cited. The same view has been taken in this court in the case of Scott v. Oil City, supra, where the question was directly raised. In fact, the practice of setting aside service on rule has been adopted in many of the districts, even where the local practice requires a plea in abatement, and there is no reason why the more inconvenient method should be employed in this district. Wall v. Chesapeake & Ohio Railroad Company, 95 Fed. 398, 37 C. C. A. 129.