# Frick & Lindsay Company *v.* Maryland, Pennsylvania, Etc., Company, Appellant.

*Action—Cause of action—Place of business—Sale—Vendor and vendee.*

1. Where a vendee of goods agrees to pay for them thirty days after delivery, and no place is mentioned for the payment it is the duty of the vendee to go to the vendor's place of business and tender payment, and if he fails to do so a cause of action arises in the county of the vendor's domicile. Interest on the principal debt must be regarded as of the same nature in so far as the cause of action is concerned.

*Actions—Courts—Jurisdiction—Cause of action.*

2. The scope of the Act of July 9, 1901, P. L. 614, is limited to a

regulation of service only, and applies not only to domestic but to foreign corporations.

3. In the act of 1901, the words "county wherein it (the writ) was issued," and "county where the cause of action arose," mean county wherein the writ was legally issued and county where the location of property or business gave jurisdiction to the courts under the existing law.

4. A writ issued in one county and served upon a foreign corporation in another county will be quashed, where it appears that the defendant company transacted no business in the county in which the writ was issued, and had no property, agent or place of business in that county.

*Appeals—Final order—Interlocutory order—Quashing writ.*

5. Where the court discharges a rule to quash a writ against a foreign corporation, the defendant does not lose its right to appeal from such order because it permits a final judgment to be entered against it for want of an affidavit of defense.

Argued April 25, 1910. Appeal, No. 116, April T., 1910, by defendant, from order of C. P. No. 4, Allegheny County, Second Term, 1908, No. 1,007, discharging rule to quash writ in case of Frick & Lindsay Company v. Maryland, Pennsylvania & West Virginia Telephone & Telegraph Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Rule to quash writ.
The opinion of the Superior Court states the case.

*Error assigned* was the order discharging the rule to quash the writ.

*M. J. Hosack,* with him *Geo. M. Hosack,* for appellant.—The company is not engaged in business in the county of Allegheny, and has no property located in the county of Allegheny. That this is sufficient cause for setting aside the service is clearly shown in the case of Park Brothers & Co. v. Oil City Boiler Works, 204 Pa. 453.

Section two, clause *h* of the Act of April 23, 1903, P. L.

261, has not extended the jurisdiction over corporations: Ludlow v. Valley Coal & S. Co., 13 Pa. Dist. Rep. 691; Chester v. Phila. & D. St. Ry. Co., 9 Del. Co. 352.

On the question of service we also refer to Western Pennsylvania Fuel Co. v. Rogers, 14 Pa. Dist. Rep. 310; Matthews v. Morris Glass Co., 14 Pa. Dist. Rep. 399; Larzelere Machine Co. v. Younken-Merriman Co., 12 Pa. Dist. Rep. 593; White v. Heyl & Patterson, 15 Pa. Dist. Rep. 634; O'Neill v. Phila. Rapid Transit Co., 14 Pa. Dist. Rep. 502; Edelstein v. Del. Co. & Phila. Elec. Ry. Co., 19 Pa. C. C. Rep. 95; Elk Flint Bottle Co. v. Lockwood, 34 Pa. C. C. Rep. 56.

We do not find that the phrase "where the cause of action arose" has been passed upon in Pennsylvania, except as quoted in Park Brothers & Co. v. Oil City Boiler Works, 204 Pa. 453. The following, however, are cited: Durham v. Spence, L. R. 6 Ex. Cas. 46; Jackson v. Spittall, L. R. 5 C. P. 542; Hibernia Nat. Bank v. Lacombe, 84 N. Y. 367.

*W. K. Jennings*, with him *D. C. Jennings*, for appellee.—The case of Park Brothers refers to the second section of the act of 1901, which evidently applies to Pennsylvania corporations, but does not construe sec. 5 of the act of 1901.

Defendant's petition avers that it is a foreign corporation doing business in the state of Pennsylvania, and we contend the service was therefore proper: Sattler & Co. v. Machinery Co., 6 Pa. Dist. Rep. 419; Kennedy v. Ins. Co., 165 Pa. 179.

The right of action of the appellant accrued as soon as payment became due, not because the appellee had failed to pay, but because it owed the money to the appellant: Ivey v. Kern County Land Co., 115 Cal. 196; Fidelity Mut. Life Assn. v. Harris, 94 Texas, 25; Commonwealth Mutual Fire Ins. Co. v. Knabe, etc., Mfg. Co., 171 Mass. 265; Ludlow v. Valley Coal & Stone Co., 30 Pa. C. C. Rep. 389.

OPINION BY RICE, P. J., November 21, 1910:

This is an appeal from an order discharging defendant's rule to show cause why service of summons should not be set aside and writ quashed. As shown by the return, the writ was served by the sheriff of Fayette county (who was deputized by the sheriff of Allegheny county for the purpose) in the manner provided by sec. 5 of the Act of July 9, 1901, P. L. 614. The defendant's petition upon which the rule to show cause was granted alleged that the defendant is a corporation chartered under the laws of the state of West Virginia, duly licensed to do business in Pennsylvania and having its principal office and place of business in the borough of Uniontown, county of Fayette, state of Pennsylvania; that all of the business of the corporation is transacted and all its property is situated in the counties of Fayette and Westmoreland; that it transacts no business in the county of Allegheny and has no property, agent or place of business in that county; and that the cause of action did not arise in that county. The only conflict between the petition and the answer is as to the county where the cause of action arose, and as to that the averment of the answer is that it arose in Allegheny county, "as shown by plaintiff's statement of claim and the depositions on file." From the statement of claim and the depositions it appears that the plaintiff is a corporation organized under the laws of the state of New Jersey and duly qualified to do business in Pennsylvania; that its principal place of business was in Pittsburg and its principal business was the selling of Roebling wire products; that the action was brought to recover interest on several invoices of goods, orders for which, with one exception, were given by the defendant to the plaintiff at the latter's place of business in Pittsburg; that the plaintiff bought the goods to fill the orders from the manufacturers in New Jersey and had them shipped direct from the place of manufacture to the defendant at divers places in Fayette county designated by it; and that the terms of payment upon which the several invoices of goods

were ordered and delivery thereof was accepted were thirty days net.

So far as concerns the question as to where the cause of action arose, the interest upon each invoice after the principal sum became due, must be regarded as being of the same nature as the principal debt. Thus viewing the case, it will be noticed that the cause of action was not the breach of an obligation to accept goods at the place agreed upon for delivery or to. pay for the same at the time and place of delivery. The defendant's duty to pay did not become complete until the expiration of thirty days, and, as no place for payment was expressly agreed upon, it was not the plaintiff's duty to go to the defendant's place of business to receive payment, but the defendant was in default in not making payment at the plaintiff's place of business. As to contracts the view has been expressed that the cause of action arises or .originates in the contract itself, and not merely in a breach of the obligation which it creates; while another view that has been maintained in well considered cases is, that whatever be the form of action, the breach of duty is substantially the cause of action. Whichever view be adopted, we think it could not be said, if the defendant were a natural person, that upon the defendant's default a cause of action did not arise in Allegheny county, wherein the contract was made and the plaintiff's place of business was situated, of which the courts of that county would have jurisdiction.

It is contended, however, that, notwithstanding the provisions of the act of 1901, no suit was authorized against the defendant corporation except in a county where the corporate property was in whole or in part situated, or where it transacted a substantial part of its business. If this were a domestic corporation, and the action had been instituted prior to the act of 1903, this contention would be sustained by Park Bros. Co. v. Oil City Boiler Works, 204 Pa. 453. After directing attention to the general common-law rule that a corporation could only be sued in the territorial jurisdiction where it had its legal

domicile, and that was where it had its chief place of business, and declaring that any exceptions to it must rest on clear statutory authority, Justice MITCHELL cited certain sections of the act of 1901 and said concerning them: "These are the only portions of the act bearing upon the present inquiry, the others merely varying the allowable kinds of service under different circumstances. All of them relate solely to methods of service. No direct reference is made anywhere to the jurisdiction of the courts, nor is any such intent discoverable in the title. The only phrases from which such intent could be even remotely inferred are in sec. 2, above quoted, that the sheriff may serve the writ 'in the county wherein it is issued,' and the provision in clause (f) for service where the corporation has no office or place of business in actual operation 'in the county where the cause of action arose.' Those are altogether insufficient to turn an act whose title and plain general purpose relate solely to methods of service, into one making substantial changes in the jurisdiction of courts and the liability of corporations to be sued. The words, 'county wherein it is issued,' and 'county where the cause of action arose,' mean county wherein it was legally issued, and county where the location of property or business gave jurisdiction to the courts under existing law." It is true that the jurisdiction of the courts over actions against foreign corporations was not directly under consideration in that case, but it is also true that in the decision of the question there before the court the general scope of the act was necessarily involved. Therefore, the construction which defines and limits its scope to a regulation of service only, is of general application and must be regarded in every case where the same general question arises. This was the view taken in the later case of Excelsior Saving Fund v. Cochran, 220 Pa. 634, where Mr. Justice STEWART, speaking for the court, treats the case from which we have quoted as deciding "that the act of July 9, 1901, was without reference to the jurisdiction of the courts, and was a regulation of service

only." It becomes necessary then to inquire whether upon the facts heretofore referred to, the courts of Allegheny county would have had jurisdiction of the action under existing laws and independently of the act of 1901. Section 3 of the Act of March 21, 1849, P. L. 216, declares, inter alia, that in the commencement of any suit against any foreign corporation, the process may be served upon any officer, agent or engineer of such corporation, either personally or by copy, or by leaving a certified copy thereof at the office, depot or usual place of business of the corporation. This section, it will be noticed, relates to the service of process only and does not clearly and unequivocally give the right to sue a foreign corporation in any county where an officer, agent or engineer thereof may be found, without regard to the county where the corporation transacts its business or its corporate property is situated. In other words, it does not abrogate the common-law rule referred to in Bailey v. Williamsport, etc., R. R. Co., 174 Pa. 114, and Park Bros. v. Oil City Boiler Works, 204 Pa. 453. We come then to sec. 6 of the Act of April 8, 1851, P. L. 353, which provided that "in any case where any insurance company or other corporation shall have an agency or transact any business in any county of this commonwealth, it shall and may be lawful to institute and commence an action against such insurance company or other corporation in such county" etc. In Cochran v. Library Company, 6 Phila. 492, Judge SHARSWOOD, in a thoroughly considered opinion held that the section applied only to foreign corporations, and this we believe has been the generally accepted view. But as to a foreign corporation, it clearly gave jurisdiction to the court of the county wherein it transacted its business. A fortiori, the court would have jurisdiction of a cause of action that arose out of the transaction of its business in the county where suit was brought if proper service could be made. See Phillips v. Library Co., 141 Pa. 462, and Allentown v. Ackerman, 37 Pa. Superior Ct. 363. The difficulty in the way of applying this act to the case in hand is that it is undisputed that the defend-

ant transacted no business within the meaning of the act in the county of Allegheny, and had no agency or place of business in that county: Parke v. Commonwealth Insurance Co., 44 Pa. 422. Nor does the Act of April 22, 1874, P. L. 108, which was enacted to carry into effect sec. 5, art. XVI of the constitution, help the case. That act provides that no foreign corporation shall do any business in this commonwealth until it shall have established an office or offices, and appointed an agent or agents for the transaction of its business therein, but it makes no declaration as to where action shall be brought against the corporation that has complied with these provisions. It is quite different from the Act of June 20, 1883, P. L. 134, requiring foreign insurance companies to .appoint a state agent upon whom process can be served, and hence, we are unable to conclude that the doctrine of Kennedy v. Agricultural Insurance Co. of Watertown, 165 Pa. 179, is applicable to the question before us. We have an authoritative declaration that the words "county where the cause of action arose" in sec. 2 of the act of 1901, are not to be taken in their broadest sense, but are to be interpreted in the light of existing laws relative to the place of bringing action against corporations. We are not convinced that a different interpretation is to be given to the same words as used in sec. 5, or that under existing law and the facts of this case the defendant would have been suable in Allegheny county independently of the act of 1901.

As to the propriety of the method of raising the question by motion to set aside the service and quash the writ, we refer to Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453. It is suggested that the defendant is concluded because after its rule was discharged it interposed no further obstacle to final judgment. We are unable to adopt this view. If the defendant had brought the case here before final judgment, the objection might perhaps have been made, that the appeal was from an interlocutory order. At any rate, we cannot see that the defendant waived any

of its rights by permitting the case to go to final judgment before appealing.

The order discharging the defendant's rule is reversed; the rule is made absolute; the writ is quashed, and the service and all proceedings subsequent thereto are reversed and set aside.