## Thompson v. Rose Tree Hunt Club.

*Service of process against corporations—Service on agents—Error in name of defendant—Act of July 9, 1901.*

1. Where the party intended to be sued was the Rose Tree Fox Hunting Club, a corporation transacting all its business and having all its property in Delaware County, and the sheriff's return showed service upon the Rose Tree Hunt Club, the defendant in the writ, at the place of business of the recording secretary of the club in Philadelphia, by handing a true and attested copy of the writ to the person for the time being in charge thereof, and that the deputy sheriff had been unable to ascertain the residence of the said recording secretary or any of the officers of said defendant club within the county upon inquiry at said place of business, the service is defective and will be set aside.

2. No suit is authorized against a corporation except in the county where the corporate property is, in whole or in part, situated, or where it transacts a substantial part of its business.

3. The return of service of a summons upon a corporation under the Act of July 9, 1901, § 2 (e), P. L. 614, must show that service was made at the place of business of the corporation, as distinguished from the place of business of the agent, and that inquiry had been made for the residence of an officer of the corporation within the county at the place of business of the corporation.

Rule to show cause why service of writ should not be set aside. C. P. No. 5, Phila. Co., June T., 1926, No. 18336.

*J. B. Colahan*, for rule; *T. S. Thompson*, contra.

MARTIN, P. J., Jan. 3, 1927.—The petition for the rule to set aside service in this case avers that the sheriff returned, "Served Rose Tree Hunt Club, the within named defendant club, at No. 39 South 10th Street, in the City and County of Philadelphia, State of Pennsylvania, the place of business of George W. Orton, the recording secretary of said defendant club, by handing a true and attested copy of the within writ on Oct. 21, 1926, to E. A. Gill, the person for the time being in charge thereof, being unable to ascertain the residence of said recording secretary or any of the officers of said defendant club within the county, upon inquiry at said place of business;" that the petitioner was incorporated by the Court of Common Pleas of Delaware County, in this State, under the name "Rose Tree Fox Hunting Club," and that by its charter its place of business is located in Delaware County; that since incorporation the club has carried out the purposes for which it was chartered, by "encouraging riding and athletic sports among its members, by the maintenance of a country house for meetings solely within the County of Delaware;" that the only place of business is the ground and club-house near Media, in Delaware County; that the club maintains no office and transacts no business within the County of Philadelphia; that George W. Orton, at the time service was made upon him, was not the recording secretary of the club or an officer or employee, but only a member of "The Race Committee;" was not at that time within the County of Philadelphia on business of the club, but was engaged in his private business "as a publishing agent, maintaining an office for that purpose at No. 39 South 10th Street, in the County of Philadelphia."

No answer has been filed by the plaintiff to the petition praying for the rule to set aside the service of the writ, and the facts averred in the petition must be accepted as true.

The party intended to be sued was "The Rose Tree Fox Hunting Club." It has not been sued under its correct corporate name; for this reason, the service is defective.

Under the common law, as well as the Act of July 9, 1901, P. L. 614, "No suit is authorized against the corporation except in the county where the cor-

porate property is in whole or in part situated or where it transacts a substantial part of its business:" Park Brothers & Co., Lim., v. Oil City Boiler Works, 204 Pa. 453. The rule that a sheriff's return is conclusive on the parties and cannot be contradicted does not prevent an inquiry into the actual facts, where the return is not full or explicit.

A proper return should set out a service at the office or place of business of the corporation in the county, or, if the writ is not so served, facts should appear in the return which will bring the service within some of the methods prescribed by statute.

In the present case the return of the sheriff does not set forth a service at the place of business of the defendant, but at "the place of business of George W. Orton," and while this return does say that Orton was Recording Secretary of the Rose Tree Hunt Club, the service was not made upon him, but upon another person for the time being in charge of Orton's place of business. There is nothing in the return indicating that inquiry was made at any office of the defendant or at the residence of Orton, as provided by clause (e) of the Act of 1901, but the inquiry by the sheriff was made at the place of business of Orton.

The uncontradicted facts averred in the petition are that the defendant, the Rose Tree Fox Hunting Club, had its place of residence and transacted its business solely in Delaware County, that it neither maintained an office nor transacted any business within the County of Philadelphia, nor was Orton at the time of the service recording secretary of the club or an officer or employee.

The service was defective and will be set aside.

And now, to wit, Jan. 3, 1927, rule absolute and service of the writ is set aside.