## Kincade et al. v. Maxwell.

*George B. Clothier*, for plaintiffs.

*Edmonds, Obermayer & Rebmann*, for defendant.

*Harry R. Axelroth*, for additional defendant.

DAVIS, J., April 15, 1931.—This is an action in trespass to recover damages for injuries sustained by the minor plaintiff as a result of being struck by a golf ball driven by the defendant while practicing on the golf course of the Merion Cricket Club.

The defendant issued a writ of scire facias under the Act of April 10, 1929, P. L. 479, joining the Merion Cricket Club as an additional party defendant. It is agreed between counsel for the plaintiff and defendant that the Merion Cricket Club has no assets or property of any character and transacts no business whatever in Philadelphia County. It has no office in Philadelphia County and transacts all of its business and has all of its assets wholly located in Delaware and Montgomery Counties. The writ of scire facias to the Merion Cricket Club issued out of the County of Philadelphia. The sheriff of this county made the following return: "Made known to the Merion Cricket Club, Inc., the within-named defendant, by handing a true and attested copy of the within writ to Joseph B. Townsend, the treasurer of said defendant club, incorporated, at 1401 Arch Street in the County of Philadelphia, State of Pennsylvania, on November 21st, 1930, and making known to him the contents thereof."

In Vinnacombe *v.* City of Philadelphia, 297 Pa. 564, Mr. Justice Simpson, referring' to the Act of 1929, relating to the issue of writs of scire facias to join additional defendants, said: "Nothing in the act shows the slightest intention to affect plaintiffs in such suits. Consequently, the adding of additional defendants will give no higher right to plaintiffs than they had before.' As to them the action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named." In construing the act two things are plainly apparent. "The act is a remedial one. Its purpose is to avoid a multiplicity of suits; to compel every interested person to appear and defend the action by plaintiff; and to save the original defendant from possible harm resulting from loss of evidence, as might result if compelled to await the end of the suit before proceeding against those who were primarily liable in whole or in part." The Act of 1929 in no way extends, alters or amends the acts relating to the service of process in actions at law. It must be conceded, in view of the agreed facts, that if the Merion Cricket Club had been the original defendant, the service as made would have been inoperative to give this court jurisdiction over the corporation.

In Park Bros. & Co. *v.* Oil City Boiler Works, 204 Pa. 453, it was held: "The common-law rule as to suits against corporations is still the general rule in Pennsylvania, and under it no suit is authorized against a corporation, except in a county where the corporate property is in whole or in part situated, or where it transacts a substantial part of its business. There is nothing in the Act of July 9, 1901, P. L. 614, to change the rule. That act merely regulates the service of process, and makes no changes in the jurisdiction of courts and the liability of corporations to be sued."

"While it is still the law that the sheriff's return is conclusive on the parties and cannot be contradicted, yet modern practice is liberal in allowing inquiry into the actual facts where the return itself is not full or explicit. A proper return should set out a service at the office or place of business of the corporation in the county, or if not so served, then the facts should be affirmatively returned which will bring the service within some of the methods prescribed by statute." See, also, Jensen *v.* Railway Co., 201 Pa. 603; De Haas *v.* Railroad Co., 261 Pa. 499; Gengenbach *v.* Willow Grove Park Co., 280 Pa. 278.

The Supreme Court, in discussing the various acts of assembly relating to service of a writ of summons, said, in the case last cited: "In the absence of some legislative permission, suit must be brought only where the principal office is located, and the service made as directed by the acts referred to, but an exception is upheld where the defendant corporation conducts a substantial part of its business in another jurisdiction, exercising its franchises, and locating there the whole or part of its property: Bailey *v.* Williamsport R. R. Co., supra [174 Pa. 114]; Hawn *v.* Penna. Canal Co., 154 Pa. 455. This is true both as to a domestic and foreign corporation: Eline *v.* W. M. R. R. Co., 253 Pa. 204. If, however, these conditions do not appear, the service upon an officer temporarily present in another county is ineffective (Parke *v.* Com. Ins. Co., 44 Pa. 422; Bailey *v.* Williamsport R. R. Co., supra), and it is not sufficient that the business transacted in the jurisdiction in which the proceeding is instituted is merely transient; it must be shown to be habitual: Eline *v.* W. M. R. R. Co., supra."

The rule to strike off the writ of scire facias to join the Merion Cricket Club as additional defendant is made absolute.