## Stinson v. Smith

*T. Lane Bean*, for plaintiff; *Dennis A. O'Neill*, for defendant.

DANNEHOWER, J., September 5, 1934.—This is a rule by the defendant to set aside service of a summons in trespass for malicious prosecution, service of said rule having been made by the sheriff of another county, who was deputized for that purpose by the sheriff of the county in which the writ issued.

On January 15, 1934, the plaintiff filed a summons in trespass to recover damages for "malicious prosecution and wilful abuse of process", alleging in his statement of claim that the plaintiff was a tenant of certain premises in

Montgomery County under a written monthly lease with a certain landlord, and said premises were sold at sheriff's sale and the defendant became the owner thereof.

Defendant permitted the plaintiff to occupy said premises for almost a year and a half, and then caused a constable to make a landlord's levy for $415 rent in arrears. Plaintiff then removed the goods to the adjoining county of Philadelphia, whereupon defendant caused a warrant to be issued for the plaintiff's arrest, charging him with criminally removing goods while under levy. Plaintiff was arrested and detained, and thereafter the grand jury ignored the bill of indictment.

Plaintiff therefore alleges that the defendant is guilty of wilful and malicious prosecution of the plaintiff, without just, reasonable, or probable cause, and has unjustly and maliciously deprived plaintiff of his liberty, and seeks to recover punitive and compensatory damages.

Although both plaintiff and defendant have for some time been residents of Philadelphia County, the summons in trespass and the statement of claim were issued and filed in Montgomery County, and the sheriff thereof deputized the Sheriff of Philadelphia County, who on February 5, 1934, served the defendant in Philadelphia.

The defendant appeared specially and solely for the purpose of objecting to the service and the jurisdiction of the court, claiming that said service was illegal and void, and a rule was granted to show cause why said service should not be set aside.

The plaintiff filed an answer to said rule, alleging that the distraint was illegal; that defendant was a trespasser when the levy was made; that a trespass or nuisance had been committed on real estate in Montgomery County; that the case arose from a contract relating to real estate; and that, therefore, under the Act of April 25, 1929, P. L. 775, 12 PS §298, the Philadelphia sheriff could be deputized to serve said summons in trespass by the Sheriff of Montgomery County, in which the writ issued.

It must be conceded that by the common law the sheriff had no authority to serve the writ outside of his bailiwick, nor could he deputize another to do it for him. In order to sustain the service of the writ in this case, we must look for a statute authorizing the sheriff to deputize the Sheriff of Philadelphia County to serve the writ.

It is contended by counsel for the plaintiff that such authority is found in the Act of April 25, 1929, P. L. 775, sec. 1, which provides that: "The writ of summons, in cases where a trespass or nuisance has been committed on real estate, and in cases arising from any contract relating to real estate, may also be served in the manner provided by sub-sections one and two, in any other county than that wherein the real estate is located and in which the writ issues, by the sheriff of such other county, who shall be deputized for that purpose by the sheriff of the county in which the writ issues."

"Malicious prosecution . . . is . . . [an] action ex delicto for the recovery of damages to person, property, or reputation, shown to have proximately resulted from a previous civil or criminal proceeding, which was commenced or continued without probable cause, but with malice, and which has terminated unsuccessfully . . . it is considered a personal tort": 38 C. J. 383.

It is perfectly clear that the basis of this action in trespass is "malicious prosecution and wilful abuse of process", because the plaintiff was arrested and detained on a warrant charging him with criminally removing goods while

under levy. The basis of said action, therefore, is not any injury, trespass, or nuisance committed on real estate or arising from any contract relating to real estate, within the clear meaning of this act.

We are therefore of the opinion that the service on the defendant, Willard T. Smith, is illegal and void and must be set aside. It is held that this may be done on a rule: Park Brothers & Co., Ltd., v. Oil City Boiler Works, 204 Pa. 453; Frick & Lindsay Co. v. Maryland, Pa., etc., Co., 44 Pa. Superior Ct. 518.

And now, September 5, 1934, the rule to show cause why service of the writ in this case on Willard T. Smith, defendant, should not be set aside is made absolute. From Aaron S. Swartz, Jr., Norristown, Pa.